PER CURIAM:
Claimant brought this action for damages to her vehicle, a 1996 Pontiac Firebird, which occurred on July 10, 2001, when she was driving north on 1-79 between Bridgeport Hill and the Meadowbrook Exit and her vehicle was struck by chunks of asphalt. Respondent maintains this section of 1-79 in Harrison County. The Court is of the opinion to deny this claim for the reasons set forth herein below.
Claimant testified that she was traveling in the left lane on 1-79 northbound to the Meadowbrook Exit in the afternoon on July 10, 2001, when she saw a van in front of her drive over a “humongous” object in the highway. There was traffic all around her so she was unable to change lanes. It appeared to the claimant that the object was a large asphalt patch that had come out of a hole in the highway. The object broke into two chunks when the van went over it and the chunks went under claimant’s vehicle. Claimant estimated the size of the area repaired on 1-79 as being two feet in width and covering the whole travel lane from side to side. 1-79 in this area is a four-lane, paved interstate. Claimant drove immediately to her home. She notified respondent’s Bridgeport office the following day about her accident on 1-79. The chunks of asphalt caused damages to the frame, brake system, an engine mount, the windshield wiper fluid container, and to the side of her vehicle. The cost of the completed repairs was in the amount of $1,333.44 and certain other repairs have not yet been completed. Claimant has liability insurance only.
Robert Gary Suan, a crew leader/foreman for respondent in Harrison County at the Lost Creek office, testified that he reviewed the maintenance records for July 10, 2001, and several days thereafter for patching work on 1-79 at and near the place of claimant’s accident and he could find no work orders for work performed by respondent’s employees. Mr. Suan also reviewed the radio logsfor July 10,2001, for notice to respondent of claimant’s accident and there was no notice to respondent that anything had occurred on 1-79 relative to the asphalt patch.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). In the instant claim, there has been nothing established to prove that respondent knew or should have known that a patch from a hole on 1-79 was going to break loose from the surface of the highway on the date of claimant’s accident; therefore, the Court finds that there was no negligence established on the part of the respondent. Thus, the Court must deny any recovery in this claim.
In accordance with the findings herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.